Filed 1/12/26  P. v. Thurman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C103734, C104031 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 24CF12885, 24CF12919) |
| v. | |
| SHABAKA LAMUMBASEIKO THURMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shabaka Lamubaseiko Thurman has asked this court to conduct an independent review of the record in case Nos. C103734 and C104031 to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On our own motion, we consolidated the appeals for purposes of oral argument and decision.  Having reviewed the record as required by *Wende*, we find the

trial court erred in calculating Thurman's presentence custody credits under Penal Code[1] section 4019, and we will otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In case No. 24CF12885 (case No. 885), a complaint deemed an information charged Thurman with injuring a cohabitant (§ 273.5, subd. (a)—count 1); assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)—count 2); criminal threats (§ 422, subd. (a)—count 3); false imprisonment (§ 236—count 4); driving a vehicle without consent (Veh. Code, § 10851, subd. (a)—count 5); unauthorized use of personal information (§ 530.5, subd. (a)—count 6); vandalism (§ 594, subd. (a)—count 7); misdemeanor child abuse (§ 273a, subd. (a)—count 8); and misdemeanor theft (§ 484, subd. (a)—count 9). The information further alleged a great bodily injury enhancement related to count 2 (§ 12022.7, subd. (e)) and that Thurman personally used a knife related to count 3 (§ 12022, subd. (b)(1)). There were also several circumstances in aggravation alleged.

In case No. 24CF12919 (case No. 919), a first amended complaint deemed an information charged Thurman with two counts of assault upon a peace officer (§ 245, subd. (c)—counts 1 & 2); fleeing a police officer while driving recklessly (Veh. Code, § 2800.2—count 3); hit and run resulting in property damage (Veh. Code, § 20002, subd. (a)—count 4); misdemeanor resisting arrest (§ 148, subd. (a)(1)—count 5); and misdemeanor giving a false report (Veh. Code, § 31—count 6). The information further alleged Thurman committed the offenses while on felony probation and was presumptively ineligible for probation (§ 1203, subds. (e)(4) & (k)) and committed the offenses while released from custody as to counts 1 through 3 (§ 12022.1, subd. (b)). The information also alleged several circumstances in aggravation.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court took Thurman's pleas in both cases at the same hearing. In case No. 885, he pled no contest to counts 1, 3, 5, 6, and 7, and admitted the great bodily injury enhancement and the aggravating factor that he committed the offenses while on probation. In exchange, the trial court dismissed the remaining allegations and sentenced Thurman to a stipulated aggregate prison term of eight years comprised of four years for injuring a cohabitant and a consecutive four years for the great bodily injury enhancement. The court sentenced Thurman to two-year concurrent sentences on counts 3, 5, 6, and 7.

In case No. 919, Thurman pled no contest to assault on a peace officer and fleeing a police officer while driving recklessly. In exchange, the trial court dismissed the remaining counts and sentenced Thurman to a prison term of four years for assault upon a peace officer and a two-year term for fleeing a police officer while driving recklessly, which ran concurrent to the term in case No. 885. The trial court imposed a restitution fine of $300 (§ 1202.4, subd. (b)); a parole revocation restitution fine of $300 (§ 1202.45), which the court stayed; a court operations assessment fee of $280 (§ 1465.8); and a court facilities assessment fee of $210 (Gov. Code, § 70373). The court awarded Thurman "a total of 198 days credit between the two cases." In case No. 885, the abstract of judgment lists 169 actual days of credit and 25 days of conduct credit for a total of 194 days. In case No. 919, the abstract of judgment lists four days of actual credit and two days of conduct credit, but reflects a total of only four days of credit.

DISCUSSION

Thurman's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel advised Thurman of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from Thurman. We have undertaken an examination of the record and find the trial court erred in recalculating Thurman's custody credits.

3

The trial court awarded Thurman a total of 198 days of custody credits in both cases, based on the probation report. The probation report states Thurman spent 169 days in custody and earned 25 days of conduct credit (§ 2933.1) in case No. 885, totaling 194 days of custody credits. It further states that Thurman spent four days in custody and earned two days of conduct credit in case No. 919. The court, however, awarded only four days in case No. 919. The abstract of judgment notes that Thurman was awarded four days of actual credit and two days of conduct credit pursuant to section 4019, but lists the total credits as four.

Under section 4019, subdivision (e), a defendant begins to earn conduct credits after being "committed for a period of four days or longer." Here, Thurman was in custody for four days in case No. 919 and was therefore entitled to two days of conduct credit.

## DISPOSITION

The judgment is affirmed. The matter is remanded for recalculation of presentence custody credits. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


/s/
BOULWARE EURIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
KRAUSE, J.

4